UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DAVID M. NAJAR,

    Plaintiff,

    v.                                       CIV. NO. 09-148 JAP/ACT

JOE WILLIAMS, Secretary of the
Department of Corrections, Individually
and in his official capacity, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on The State Defendants' Motion for Qualified and Sovereign Immunity and to Stay Proceedings filed November 5, 2009 [Doc. 33]. The Court will address the request to stay proceedings at this time. Due to the nature of the Motion, a response from the Plaintiff is not required. The Court finds that the motion is well taken and will be granted.

Defendants Joe Williams, Stanley Moya, Tammy Archuleta, and Lawrence Jaramillo have moved for dismissal of the claims against them based on, *inter alia*, upon the doctrine of qualified immunity. The qualified immunity defense protects governmental officials performing discretionary functions from liability as well as the burdens of trial and discovery. *Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992) ("we reiterate that qualified immunity is not only a defense to liability but also entitlement to immunity from suit and other demands of litigation") (citing *Siegert v. Gilley*, 500 U.S. 226 (1991)). Indeed when a motion to dismiss based on qualified immunity is filed, a court has limited discretion on the issue of a stay of discovery, and should stay discovery until the court considers and determines the motion to dismiss. *Workman*, 958 F.2d at 336.

The Court will stay this matter. If discovery were to proceed with the non-qualified immunity Defendant, as a practical matter, the qualified immunity Defendants have to participate in ongoing discovery. They would have to keep abreast of the discovery, review discovery and responses, send representatives to depositions and incur the burdens of the trial process while awaiting a resolution on the pending motions to dismiss. In addition, the court has obligations under the Civil Justice Reform Act, 28 U.S.C. § 471 *et seq.*, to reduce the costs of litigation. By allowing any discovery to proceed, the Court would violate its obligation under the CJRA.

**IT IS THEREFORE ORDERED** that Defendants motion to stay is granted and all discovery will be stayed pending the court's disposition of the State Defendants' Motion for Qualified and Sovereign Immunity.

_____
**ALAN C. TORGERSON**
**United States Magistrate Judge**